**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**SEBASTIAN TRAMELL MOORE**                                                                 **PLAINTIFF**

**V.**                            **CASE NO. 3:19-CV-386-DPM-BD**

**BARNES,** *et al.*                                                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to Chief Judge D.P. Marshall Jr. Mr. Moore may file written objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Moore may waive any right to appeal questions of fact.

**II.    Discussion:**

   A.  Background

Mr. Moore, a federal inmate held at the Greene County Detention Facility, filed this civil rights lawsuit without the help of a lawyer.[1] (Docket entry #2) In his complaint,

---

[1] On September 19, 2019, Mr. Moore pleaded guilty to the federal charge of being a felon in possession of a firearm. *U.S.A. v. Moore*, E.D. Ark. Case No. 4:19cv181 JM. Accordingly, Mr. Moore was a convicted person at the time of the alleged events giving rise to this lawsuit.

Mr. Moore claims that, in October of 2019, Defendants violated his due process rights. Because Mr. Moore's complaint was deficient, the Court gave him an opportunity to file a signed, amended complaint clarifying whether he intended to sue the Defendants in their individual capacities. (#3) Mr. Moore has now filed an amended complaint. (#6)

B.  Standard

Before ordering service of process, federal courts must review prisoner complaints that seek relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). After assessing the complaint, the Court must dismiss claims that fail to adequately state claims for relief. 28 U.S.C. § 1915A(b). As explained below, Mr. Moore's complaint should not move forward because his allegations, even if true, fail to state federal claims.

In his original complaint, Mr. Moore alleged that Defendants violated his due process rights when they sent him to "the hole" (presumably, isolation) without a disciplinary hearing on two separate occasions. On the first occasion, Mr. Moore spent three days in isolation; and on the second, he spent five days in isolation.

Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it includes a temporary suspension of privileges, does not constitute the type of "atypical and significant" hardship that triggers the protection of the due process clause. *Portley–El v.*

*Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

Accordingly, the temporary changes in Mr. Moore's conditions of confinement do not rise to the level of a due process violation.

### III. Conclusion:

The Court recommends that Mr. Moore's claims be DISMISSED, without prejudice, for failure to state a claim for relief. In addition, the Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court further recommends that Chief Judge Marshall certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 22nd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE